UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **ROBERT CHARLES LADD,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| Petitioner, | ) | 1:03cv00239 |
| | ) | |
| v. | ) | |
| | ) | |
| **DOUG DRETKE, Director** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Institutional Division** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## REPLY TO RESPONDENT DRETKE'S POST-HEARING BRIEF

Robert Charles Ladd believes that a brief reply to Respondent's post-hearing brief is necessary in order to address the "presumption of correctness" argument raised therein. In the interests of brevity, Mr. Ladd will not repeat his arguments on the merits of his claim nor address Respondent's arguments on the merits except to note that Respondent relies wholly upon its professional witness who has testified in hundreds of personal injury cases, hundreds of family law cases and hundreds of criminal law cases and simply ignores the testimony of unbiased witness Carolyn Collins who had no reason to lie in Mr. Ladd's behalf, but, nevertheless, gave compelling testimony illustrating Mr. Ladd's mental retardation. Nor, for that matter, does Respondent address the previous "mental retardation" diagnosis given by *the state's agent*, Dr. Weldon Ash.

Respondent claims that findings that a state court made in relation to Mr. Ladd's claim of ineffectiveness of counsel are entitled to a "presumption of correctness." This argument fails for a myriad of reasons. First, as this Court has already noted, "[t]hat finding of fact came up in the

context of a different issues that was before the state court." *See* Tr. at 482. Indeed, in granting Mr. Ladd leave to file a successive habeas application, the United States Court of Appeals for the Fifth Circuit noted that "[a]lthough Ladd's mental retardation diagnosis was raised in Ladd's prior petition in connection with counsel's failure to present mitigating evidence at sentencing, Ladd did *not* raise his mental status as an independent ground for relief". Order at 5 (emphasis added). Consequently, the parties in the state habeas hearing did not fully develop this issue.

Moreover, even if the state court's findings were initially entitled to some kind of deference under 28 U.S.C. § 2254 as argued by Respondent, such deference is, ultimately, inappropriate.[1] First, such findings were certainly based upon an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). Indeed, to the extent the state court discounted the 67 IQ score because it believed such a score was inconsistent with a later 86 IQ score, the completion of a GED and the completion of barber school, the state court did so without any analysis of the circumstances surrounding the 86 IQ score, without knowledge of Mr. Ladd's actual score on his GED and without knowledge of whether passing the GED and completing a prison barber school is, in fact, inconsistent with mental retardation.

Second and in any event, any state court findings were rebutted by clear and convincing evidence in the evidentiary hearing before this Court. *See* 28 U.S.C. § 2254(e)1). Indeed, it is now clear that the 86 score, to the extent it was really obtained despite the fact that it did not appear on Mr. Ladd's records for *nine* years after it was allegedly given (*see* Robert Charles Ladd's Post-Hearing Brief at 3), was simply an abbreviated group screening test with little value. *See* Tr. at 84-86, 402-06; Pet. Ex. 6.   Even Respondent's professional witness, Dr. Allen,

testified that the alleged 86 test was a Beta test and that Beta tests are "not an accurate measure of an individuals' IQ." *See* Tr. at 402. Moreover, it is now clear that Mr. Ladd received a GED average score of 42 and it is undisputed that, had Mr. Ladd taken the GED today and received the same scores, he would have failed. Pet. Ex. 4H; Tr. at 104-06, 189-90. In fact, Dr. Allen admitted that the fact that Mr. Ladd passed the GED was "no big deal" to him. Tr. at 437-38. Finally, as to the barber certificate, even the barber teacher conceded at the evidentiary hearing that a retarded person could take the barber course. Tr. at 301-02.

                        Respectfully submitted,

                        _____/s/_____
                        F. Clinton Broden
                        Tx. Bar 24001495
                        Broden & Mickelsen
                        2707 Hibernia
                        Dallas, Texas 75204
                        214-720-9552
                        214-720-9594 (facsimile)

                        Attorney for Petitioner
                         Robert Charles Ladd

---

[1]   *See Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) ("Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief.").

**CERTIFICATE OF SERVICE**

      I, F. Clinton Broden, certify that on August 8, 2005, I caused the foregoing document to be served electronically on Margaret Schmucker, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711.

_____/s/_____

F. Clinton Broden